OPINION by
BRENDA C. DESMOND, Chief Justice,
joined by Associate Justice GERARD SCHUSTER. (.Justice RAFFIANI recused himself.).
On January 24, 2000, Ms. Weinberger, on behalf of the Fort Peck Tribes, (herein-
after “the Tribes”), filed an emergency petition concerning A.R.E. under Title IX, Chapter 5, See. 501 of the Fort Peck Tribes’ Comprehensive Code of Justice (2004), (hereinafter “CCOJ”). Following a January 25, 2006 hearing on the petition, the trial judge, Hon. John Christian, dismissed the Petition on January 3.1, 2006. In his decision, Judge Christian stated that there was probable cause but that he had to dismiss the Petition because of Judge Jackson’s decision in an earlier proceeding concerning the same child.
The Fort Peck Tribes filed a Petition for Review with Brief on February 2, 2006. No responsive brief was filed on behalf of Appellees and under CCOJ Sec. 210, the time for responsive filings has expired, On March 10, 2006 the Court of Appeals decided not to hold oral argument in the matter, as is permitted under CCOJ II See. 211. The January 25, 2006 Order is reversed and the matter is remanded to the Tribal Court in accordance with the following.
Tribal court jurisdiction is clear in this proceeding. A.R.E. is two years old. Her parents are Latoya and Elmer S. Red Eagle Jr. Her paternal grandparents, ap-pellees, are Delores Red Eagle and Elmer S. Red Eagle Sr. All parties are enrolled or eligible for enrollment as members of the Fort Peck Tribes. Thus, the Tribal trial court has jurisdiction under CCOJ 11, Sec. 107, which states in relevant part:
Civil Jurisdiction of the Comi. The Court shall have jurisdiction over any action where one part to the action shall be an Indian ...; and
(a) the cause of action arises under the Constitution or laws of the Tribes; or
•(b) an Indian party to the action resides on the Fort Peck Reservation.
*159 The Court oí Appeals also has jurisdiction under CCOJ II, See. 202, whieh states in relevant part:
Jurisdiction of Court of Appeals. The jurisdiction of the Court of Appeals shall extend to all appeals from final orders and judgments of the Tribal Court ...
The matter has a relatively long history for a child of such a young age. A.R.E. was born in August 2004. In October 2004, the Tribal Court granted her paternal grandmother custody of A.R.E., apparently based on a finding that her mother was not competent to raise her at that time. (We say “apparently” not because we doubt this, but because there is no finding on this in the record presented in this matter.) In March 2005, after forensic interviews of two children and one adult, sexual abuse allegations were found to be substantiated by the BIA Social Services investigation. These allegations were against A.R.E.’s father and paternal grandfather, Appellees, Mr. Elmer Red Eagle Jr. and Mr. Elmer Red Eagle Sr. Based in part on the allegations, on September 30, 2005, BIA Social services placed A.R.E. in protective custody, where she remains. On October 3, 2005, the Tribes filed an emergency petition in Case No. F05-10-208. At the October 3, 2005 emergency hearing, the Tribal Court found probably cause and ordered a fact finding hearing.
On November 3, 2005, Judge Jackson held a fact finding hearing. At the end of the hearing, Judge Jackson announced that he was finding that the Tribes had not established by clear and convincing evidence that A.R.E. was in danger of being neglected or abused within the meaning of CCOJ Sec. 102 and that, therefore, A.R.E. should be returned to her family. Following the hearing, Judge Jackson signed an Order prepared by Appellees’ lay advocate, Mr. Clayton Reurn, dismissing the proceeding with prejudice.
Essentially, the Tribes argue that the procedural errors associated with the November 3, 2005 Order have significantly impacted on this proceeding and led to an incorrect dismissal of this matter by the Tribal trial judge. Further, the Tribes request this Court to Order that upon remand the matter be heard by an independent judge.
The Tribes are correct that Rule 10-2 Rules of Civil Procedure of the Fort Peck Tribal Court, provides that when the prevailing party submits a draft order to the clerk of court, the order is to be served on the other party or parties. Then the other-party has ten days to object to the form of the Order before it is submitted to the Judge for signature. This was not done in Case No. F05-10-208, the fall 2005 proceeding concerning A.R.E. The Tribes further assert that the Mr. Reum submitted an Order to Judge Jackson that was not reflective of his oral ruling at the hearing of November 3, 2005. Specifically, the Tribes state, and the transcript of the hearing supports this, that Judge Jackson did not dismiss the case and that therefore the written Order dismissing “with prejudice” was not correct. According to the Tribes, the reason this is especially significant is that Judge Christian’s January 31, 2006 decision was based in part on Judge Jackson’s November 3, 2005 decision. The Tribes’ argument on this point is persuasive.
However, we do not need to address this issue to determine this appeal. Rather, our reading of the January 3, 2006 Petition indicates that it is not identical to the October 3, 2005 Petition, as Judge Christian thought, leading to his ruling that he had no choice but to dismiss. Therefore, his decision dismissing the January 3, 2006, is in error. The matter *160 should be remanded to the Tribal Court for further proceedings on the Petition.
As for the Tribes’ request for this Court to Order an independent Judge, we do not find it properly before the Court of Appeals. Judge Christian has already re-cused himself from further proceedings in the matter. The CCO J, in 11 Sec 307, sets forth a procedure for disqualification of a judge. The record does not indicate that the Tribes have sought and been denied disqualification under this section. Thus, action on our part would be premature.
Therefore, IT IS HEREBY Ordered that the decision of the Tribal Court of January 31, 200(1 is reversed and the case is remanded to the Tribal Court for further proceedings on the Petition.