OPINION AND ORDER
On June 29, 2006, Appellant Keith Red Elk filed a civil complaint against Appellee John Morales, Jr. Mr. Morales is the Chairman of the Fort Peck Tribal Executive Board. The Complaint alleges official misconduct, violation of the Tribal Constitution, the rights of Tribal members and Robert’s Rules of Order. The specific relief sought is for Mr. Morales to be removed from the position of Chairman, impeached *24 and prohibited from holding office in the future. Appellant also requested the appointment of a special judge to preside over the matter.
On July 11, 2006, prior to receiving an Answer to the Complaint and without conducting a hearing, the Tribal Court dismissed the Complaint. In its Sua Sponte Order to Dismiss, the Tribal Court ruled that no statutory or constitutional provision authorizes tribal court jurisdiction over this proceeding. The Tribal Court further stated, “this action comes under Article VI, Section 2 of the Constitution and Bylaws of the Assiniboine and Sioux Tribes of the Fort Peck Indian Reservation.” The Tribal Court also found the request for a special judge to be moot in view of its dismissal Order. On July 27, 2006, Appellant Red Elk filed a Petition for Review. We granted the Petition and heard oral arguments on December 11, 2006. We affirm in accordance with the following.
Appellee Red Elk contends that the Tribal Court’s determination that it lacks jurisdiction over this matter is incorrect. He points out that while II CCOJ § 110 bars suit against the Tribal Executive Board, II CCOJ § 111 authorizes suit against Appellee Morales, citing, DeCoteau v. Fort Peck Tribes, No. 363, 4 Am. Tribal Law 277, 2002 WL 34432659 (Fort Peck 2002). Appellee Morales contends that the Tribal court was correct because, as Chairman of the Tribal Executive Board, Mr. Morales is immune from suit in what he characterizes as a “nonjustieiable political issue.” Ti'ibes’ Response Brief, p. 3. Appel-lee Morales also asserts that the dismissal was proper because the Complaint does not state a short and plain statement of a plausible claim for relief as required by Rule 1-1 of the For Peck rules of Civil Procedure and, by reference, Rule 8(a), Fed R. Civ. Proc.
We find the Tribal Court’s dismissal of the Complaint to be proper but not for the reasons stated in that Order. Rather, we find the dismissal proper in light of DeCoteau v. Fort Peck Tribes. Appellee asks us to reconsider DeCoteau in light of Red Door v. Wetsit, Appeal No. 95 (1990). In Red Door, after a Tribal Court hearing, this Court interpreted II CCOJ §§ 110 and 111 to mean that the Tribal Court did not have jurisdiction over an election dispute. We find reconsideration of DeCoteau at this point to be premature particularly since, in the absence of a well-pleaded Complaint and a hearing, we have no factual context in which to analyze the two decisions. Nonetheless, DeCoteau is still law. See, e.g., Fort Peck Sioux Council v. Fort Peck Tribes, Appeal No. 370 (2001).
In DeCoteau, interpreting II CCOJ §§ 110 and 111 together, we ruled that the members of the Tribal Executive Board do not have the same immunity as do the Tribes. Our ruling was based in part on our recognition of the Tribal Executive Board’s encouragement of presentation of grievances directly to the Board. We set forth the requirements of a Complaint in a proceeding of this serious nature. Appellant Red Elk did not meet those requirements. Specifically, the DeCoteau decision requires that the complainant sign a declaration under penalty of perjury and attach it to the Complaint “attesting to the material facts as to his/her attempts to rectify the situation with the subject Tribal Official/Employee and/or Tribal Agency.” De-Coteau at 11. The decision states clearly, “Failure of this requirement subjects the complaint to summary dismissal.” Id.
Further, the Complaint must include:
(a) Time, date and place of act or conduct (if the actions complained of take the form of a letter or official proclamation, date or document and the extent of its distribution, if known)
*25 (b) Name of Tribal Official/Employee and their position and department/agency with the Tribes at the time of their act or conduct.
(c) Citation of Tribal CCOJ 2000 provision, Court Rules, Tribal Ordinance, regulation, policy, Fed Code, Regulation or Rules, claimed to have been violated....
(d) Statement regarding claimant’s attempt to place the Tribal Official/employee on Notice of alleged violation and the subsequent attempt(s) of, or offers by, claimant to comply, if claimant has been requested to do so.
Id, Appellant’s Complaint does not meet these requirements and was correctly dismissed.
We also uphold the Tribal Court’s determination of Appellant’s request for a special judge. As we noted in Fort Peck Tribes v. Elmer S. and Delores Red Eagle, Sr., Appeal No 444, 6 Am. Tribal Law 157, 2006 WL 6091583 (2006), The CCOJ, in Title II, Chapter 3, § 307, sets forth a procedure for disqualification of a judge, which is a preliminary to appointment of a special judge. Appellant did not follow that procedure.
Based upon the foregoing findings and good cause appearing:
IT IS NOW, THEREFORE, THE ORDER OF THIS COURT THAT:
The March 22, 2006 Order of the Tribal Trial Court is affirmed.